**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
~~JS-5/JS-6~~                    x
Scan Only

---

**CASE NO.:** <u>CV 2:17-07690 SJO (JCx)</u>         **DATE:** <u>January 23, 2018</u>

**TITLE:**         <u>Realtime Data LLC v. Nexenta Systems, Inc.</u>

===========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                    Not Present

===========================================================================

**PROCEEDINGS (in chambers): ORDER STRIKING PLAINTIFF'S FIRST AMENDED COMPLAINT** [Docket No. 27]**; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TRANSFER CASE** [Docket No. 21]**; ORDER TRANSFERRING THE CASE TO THE NORTHERN DISTRICT OF CALIFORNIA**

These matters are before the Court on Defendant Nexenta Systems, Inc.'s ("Nexenta" or "Defendant") Motion to Dismiss or Transfer Venue to the Northern District of California (" Motion"), filed December 8, 2017. Plaintiff Realtime Data LLC ("Realtime or "Plaintiff") opposed the Motion ("Opposition") on December 18, 2017, to which Nexenta replied ("Reply") on December 22, 2017. On December 18, 2018, Plaintiff filed a First Amended Complaint ("FAC"). For the following reasons, the Court **STRIKES** Realtime's First Amended Complaint, **GRANTS** Nexenta's Motion and **TRANSFERS** this case to the Northern District of California.

I.         <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Realtime initiated the instant patent infringement action by filing a Complaint against Nexenta on October 20, 2017. (*See* Compl., ECF No. 1.) Although the action was initially assigned to Judge Percy Anderson, it was transferred to this Court on October 27, 2017. (*See* Order to Transfer Case to the Patent Pilot Program, ECF No. 16.) As relevant to the instant Motion, Realtime alleges the following in its Complaint.

Realtime is a limited liability company organized under the laws of New York and having places of business in Plano, Texas, Tyler, Texas, and Bronxville, New York. (Compl. ¶ 1.) It has been involved in the research and development of solutions for data compression since the 1990s. (Compl. ¶ 1.) Realtime is the owner, by assignment, of three United States Patents, Nos. 9,054,728 ("the '728 Patent"), 9,667,751 ("the '751 Patent"), and 8,717,203 ("the '203 Patent"). The '728 and '203 Patents are both entitled "Data compression systems and methods" and the '751 Patent is entitled "Data feed acceleration." (Compl. ¶ 7)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 2:17-07690 SJO (JCx)          DATE: January 23, 2018

Nexenta, meanwhile, is a California corporation with its principal place of business in Santa Clara, California. (Compl. ¶ 2.)  On information and belief, Nexenta has committed acts of infringement in the Central District. (Compl. ¶¶ 6, 8.)

Realtime  asserts three counts of both direct and induced patent infringement against Nexenta, asserting one claim from each of the '728, '751, and '203 Patents.  (*See generally*, Compl.) Realtime prays for damages, injunctive relief, attorneys' fees, interests, and costs. (Compl. at 8-9.)

Plaintiff purported to file a First Amended Complaint on January 18, 2018.  (ECF No. 27.) Because this FAC was filed more than 21 days after Defendant's Motion to Dismiss and because Plaintiff did not seek leave of the Court, the FAC is **STRICKEN**.  *See* Fed. R. Civ. P. 15(a).

III.    DISCUSSION

        A.    Legal Standard

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides an avenue by which a party can seek to dismiss a lawsuit for improper venue.  *See* Fed. R. Civ. P. 12(b)(3).  If the propriety of venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings.  *See Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). The decision to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

        B.    Background

In its Motion, Nexenta  argues that venue is improper in the Central District and asks that the action be dismissed or, in the alternative, transferred to the Northern District of California. (*See generally* Mot., ECF No. 21.)  Nexenta asserts that its headquarters and principal place of business is located in Santa Clara, California—within the Northern District—and that the majority of its employees work at or out of this office, including its key employees with relevant knowledge of the accused products. (Mot. 3-4.)  It also states that it does not have any offices or physical places of business within the Central District, nor does it own, lease, or rent any property there. (Mot. 4.)  Finally, it notes that none of its employees reside in or regularly work in the Central District. (Mot. 4.)

Realtime does not dispute these facts, but instead argues that venue is proper because the patent venue statute, 28 U.S.C. § 1400(b), permits an action to be filed in any district within the state of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  **CV 2:17-07690 SJO (JCx)**        **DATE:** **January 23, 2018**

incorporation.  Because Nexenta is a California corporation, it claims, venue is proper in any of the four judicial districts within the state.  (Opp. 3-5.)  Nexenta disagrees and argues that venue is proper only within the judicial district in which a defendant has its principal place of business. (Mot. 5.)  This Motion therefore presents a single, discrete question: In which judicial districts do domestic corporations "reside" in multi-district states under the patent venue statute?

> C.        Pre-*TC Heartland* Jurisprudence

The exclusive patent venue statute, 28 U.S.C. section 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides. . . "  28 U.S.C. § 1400(b); *see also Fourco Glass Co. V. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957) (holding that Section 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions.").  This past year, the United States Supreme Court in *TC Heartland LLC v. Kraft Foods Group Brands LLC* clarified that, as applied to domestic corporations, the term "resid[es] . . . refers only to the State of incorporation."  137 S. Ct. 1514, 1521 (2017).  This decision essentially rolled back the clock on patent venue jurisprudence to 1990, before the Federal Circuit's ruling in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (1990).

Both parties have provided numerous pre-*VE Holdings* district court decisions supporting their respective positions.  *See Cal. Irr. Servs., Inc. v. Barton Corp.*, 654 F.Supp. 1, 2 (N.D. Cal. 1985) (""[F]or the purposes of § 1400(b), a defendant corporation resides in the district in its state of incorporation where its principal place of business is.");  *Action Commc'n Sys., Inc. v. Datapoint Corp.*, 426 F.Supp. 973, 975 (N.D. Tex. 1977) ("[A] corporation may be sued under the § 1400(b) residence provision only in the state of incorporation and, within that state, only in the judicial district where its principal place of business is located.");  *but see, B.W.B. Controls, Inc. v. C.S.E. Automation Eng'g & Servs., Inc.*, 587 F.Supp. 1027, 1029 (W.D. La. 1984) ("The Court is reluctant to place a restrictive gloss on a venue provision and thereby limit the available venues absent a clear Congressional directive to do so.  The Court therefore holds that a defendant corporation 'resides,' and venue is proper under section 1400(b), in any judicial district in its state of incorporation.");  *Byrnes v. Jetnet Corp.*, No. CV 84-0-661, 1986 WL 15148, at *1 (D. Neb. June 2, 1986) ("For purposes of § 1400(b), a corporation resides only in its state of incorporation and venue is proper in any judicial district in its state of incorporation.")  While these cases may be instructive, none are binding on this Court.

Nevertheless, this Court is not wholly without guidance.  In *Stonite Prods. v. Melvin Lloyd Co.,* the Supreme Court addressed this issue when applying an earlier version of the patent venue statute, 28 U.S.C. § 109.  315 U.S. 561 (1942).  In that case, the Court considered a defendant operating in the Eastern District of Pennsylvania that, despite having no regular and established place of business in the Western part of the state, was sued for patent infringement in the Western District of Pennsylvania.  *Id.* at 562-63.  The district court granted defendant's motion to dismiss on the basis that venue was improper under 28 U.S.C. § 109.  *Id.* at 563.  The Third Circuit, choosing to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   **CV 2:17-07690 SJO (JCx)**          DATE: **January 23, 2018**

instead apply the general venue statute, reversed, holding that venue was proper in either district within the State of Pennsylvania.  *Id.*  The Supreme Court ultimately reversed the Court of Appeals, holding that § 109 is the exclusive provision governing venue in patent infringement cases.  *Id.*

While it is true that the *Stonite* opinion only directly addressed the applicability of the general venue statute to patent infringement litigation, there are nonetheless several indications that the Court viewed "residence" as a district-specific trait.  The first is the Court's decision to describe the defendant as "an inhabitant of the Eastern District of Pennsylvania"—not as an inhabitant of the State of Pennsylvania.  *Id.* at 562.  This language is important because 28 U.S.C. § 109 provided that venue was proper "in the district of which the defendant is an *inhabitant*" and the Court would later find that "[t]he words 'inhabitant' and 'resident,' as respects venue, are synonymous."  *TC Heartland*, 137 S.Ct. at 1519 (quoting *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957)).

Further support for this position can be found in the Court's statement that § 109 was intended to be "a restrictive measure, limiting a prior, broader venue" statute.  *Id. at 566.*  The "broader" statute to which the Court referred was the general venue statute which, at the time, "permit[ted] suits, not of a local nature, against two or more defendants residing in different judicial districts within the same state to be brought in either district."  *Id.* at 562.  Because the two parties in *Stonite* resided in different judicial districts within the state of Pennsulvania, the general venue statute would allow the suit to be brought in either district.  If the Court understood the patent venue statute to define an entity's "inhabitance" as the entire state of its incorporation, it would be no narrower than the general venue statute and the Court's statement that it was intended to be "a restrictive measure" would be nonsensical.  *Id.* at 566.

A final indication of the *Stonite* Court's view of patent venue can be found in the ultimate resolution of the case. As discussed above, the district court had originally dismissed the case, finding that venue was improper in the Western District.  Upon determining that 28 U.S.C. § 109 was the sole provision governing patent venue, the Supreme Court could have chosen to remand the case to the district court for further proceedings—an outcome consistent with the view that the patent venue statute allowed the defendant to be sued in the Western District.  Instead, however, it elected to simply reverse the Court of Appeals, allowing the district court's dismissal of the case to stand.  Taken together, these facts clearly indicate that the Supreme Court understood "inhabitance" in the patent venue context to be a district-specific trait.

> D.     *TC-Heartland*

In its Opposition, Plaintiff relies primarily on the language in *TC Heartland* stating that "for purposes of § 1400(b) a domestic corporation 'resides' only in its *State* of incorporation."  137 S.Ct. at 1517 (citing *Fourco*, 353 U.S. at 226) (emphasis added).  Plaintiff's reliance on this single phrase is, however, misplaced.  Neither the Court in *TC Heartland* nor the Court in *Fourco* was

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   <u>CV 2:17-07690 SJO (JCx)</u>        DATE: <u>January 23, 2018</u>

asked to consider the question of venue in multi-district states.  In both instances, the defendant was challenging a lawsuit brought in an entirely different state, not merely a separate district within the same state.

Moreover, this language can be fully reconciled with *Stonite* because it contains a latent ambiguity.[1]  The statement that a corporation resides "only in its state of incorporation" merely provides a *necessary* condition for venue, not a *sufficient* condition.  While venue may *only* be proper within the state of incorporation, a patent case must *also* be brought in the judicial district containing a corporation's principal place of business. Adopting this view brings *TC Heartland* into alignment not only with the Supreme Court's pre-*Fourco* jurisprudence, but also with the express language of the statute that "[a]ny civil action for patent infringement may be brought in <u>the judicial district</u> where the defendant resides."  28 U.S.C. § 1400(b) (emphasis added).[2]

For these reasons, the Court finds that, in the context of 28 U.S.C. § 1400(b), a corporate defendant "resides" only in the state of its incorporation and, within that state, only in the judicial district in which it maintains its principal place of business.  Applying this standard to the facts of the instant case, Defendant is a resident solely of the Northern District of California.  As Plaintiff does not contend that there is any basis for venue in the Central District pursuant to the second prong of § 1400(b), the Court finds that venue is improper in the Central District of California.

"If venue is improper, the court must either dismiss or, in the interests of justice, transfer the case to a district having proper venue*." Nissan Motor Co., Ltd. v Nissan Computer Corp.,* 89 F.Supp.2d 1154, 1161 (C.D. Cal. 2000).  Here, Plaintiff has not taken an unreasonable legal position and, as it does not dispute that the Northern District is a proper venue for this case, the interests of justice favor transfer rather than dismissal.  The Court therefore **GRANTS** Nexenta's Motion and **TRANSFERS** the instant action to the Northern District of California.

IV.    <u>RULING</u>

---

[1]   Plaintiff has directed the Court to *Diem LLC v. BigCommerce, Inc.* where Judge Gilstrap—in one of the few post-*TC Heartland* cases to consider the issue—found that there was "tension" between the definition of "inhabitant" and "resident" as established in *TC Heartland* and *Fourco* and the definition of "inhabitant" in *Stonite* and other pre-*Fourco* cases.  No. 6:17-cv-00186, 2017 WL 3187473, at *3 fn. 2 (E.D. Tex. July 26, 2017)

[2]   While the Court acknowledges that this raises some concerns about corporations that operate entirely outside of their state of incorporation, these concerns are not unique to patents and may be easily resolved. *See e.g.,* 28 U.S.C. § 1391(d) ("for purposes of venue. . . if there is no [] district [in which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State], the corporation shall be deemed to reside in the district within which it has the most significant contacts.")

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:  CV 2:17-07690 SJO (JCx)**          **DATE: January 23, 2018**

For the foregoing reasons, the Court **STRIKES** Realtime Data LLC's First Amended Complaint, **GRANTS** Defendant Nexenta Systems, Inc.'s Motion and **TRANSFERS** the matter to the Northern District of California.

IT IS SO ORDERED.